STORCH AMINI & MUNVES PC
Bonnie A. Tucker, Esq.
Bijan Amini, Esq. (*application for pro hac vice to be filed*)
Avery Samet, Esq. (*application for pro hac vice to be filed*
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY  10017
(212) 490-4100
*Proposed Special Counsel for the Debtor and Debtor-in-possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MARTIN CADILLAC, L.L.C., | Case Nos. 10-29520 (RG) |
| Debtor. | |

-------------------------------------------------------------x

**APPLICATION OF THE DEBTOR TO RETAIN AND EMPLOY**
**STORCH AMINI & MUNVES PC AND**
**MILLER, CANFIELD, PADDOCK & STONE, P.L.C.**
**AS SPECIAL COUNSEL TO INVESTIGATE AND LITIGATE POTENTIAL CLAIMS**

Martin Cadillac, L.L.C. as debtor and debtor-in-possession (the "Debtor"), respectfully represents:

**SUMMARY OF RELIEF REQUESTED**

1. The Debtor submits this application (the "Application") for an order under 11 U.S.C. §§ 327(a) and 329 authorizing the retention of the law firm of Storch Amini & Munves PC ("SAM") and Miller, Canfield, Paddock & Stone, P.L.C. ("MC") as special counsel. In particular, the Debtor seeks to employ SAM and MC as special counsel to investigate, analyze and, if warranted, and prosecute certain potential causes of action. The Debtor respectfully requests entry of the proposed order, attached hereto as Exhibit A, approving the retention of

SAM and MC in accordance with the terms and conditions set forth in that certain letter agreement dated October 12, 2010 (the "Engagement Letter").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is § 327 of Bankruptcy Code.

## BACKGROUND

3. On June 25, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 case.

4. As of the Petition Date, the Debtor was the owner and operator of a Cadillac car dealership in Englewood Cliffs, New Jersey.

## BASIS FOR RELIEF

5. By this Application, the Debtor seeks entry of an order authorizing it to employ SAM and MC on an hourly fee basis to investigate and, if warranted, prosecute certain potential causes of action on behalf of the Debtor. The Debtor intends for SAM and MC to work together as co-counsel to investigate, and if warranted, prosecute causes of action. The hourly fee and expenses will be paid by Timothy Martin, the Debtor's sole member, and the Debtor will incur no liability by this representation. The Debtor's goal is to maximize the value of its assets for the benefit of all creditors and bring its Chapter 11 cases to conclusion as swiftly as possible.

6. The Debtor has selected SAM and MC special counsel because of both firms' extensive experience in investigating and litigating complex civil litigation, both in and out of

bankruptcies. Moreover, the Debtor believes that that having both firms work together as co-counsel will maximize any chance for recoveries.

7. The Debtor has determined that retaining SAM and MC as special counsel is in the best interest of the Debtor's estate because it will result in the most expeditious and efficient investigation and resolution of any potential claims. SAM and MC will coordinate their joint efforts with the Debtor's other counsel to avoid duplication of efforts. Nevertheless, due to the outside funding of SAM's and MC's compensation, as discussed more fully below, any duplication of services will not result in additional costs to the estate.

8. To the best of the Debtor's knowledge, none of the members and associates of SAM or MC have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys, except as disclosed in the attached affidavits. See Declaration of Bijan Amini ("Amini Dec."), attached hereto as Exhibit B and Declaration of Dean Dickey ("Dickey Dec."), attached hereto as Exhibit C. The Debtor is satisfied that both SAM and MC represent no adverse interest to the Debtor which would preclude them from acting as special counsel to the Debtor in matters upon which they are to be engaged, and that their employment will be in the best interest of the estate.

9. The Debtor believes that SAM and MC are qualified to represent the Debtor in a cost-effective, efficient and timely manner.

## SERVICES TO BE RENDERED

10. Subject to the control and further order of this Court, the professional services that SAM and MC will render, as necessary, to the Debtor include, but are not limited to, the following:

   a. At the Debtor's direction, investigate certain potential causes of action, and, if warranted, file and prosecute adversary proceedings at the Debtor's request;

3

    b. Provide the Debtor with legal advice and representation with respect to the investigation, analysis or prosecution of the potential causes of action.

    c. Appear in court, at mediation, arbitration or any other legal proceeding to represent the interest of the Debtor with respect to the investigation, analysis or prosecution of the potential causes of action; and

    d. Perform all other necessary legal services as requested by the Debtor in connection with respect to the investigation, analysis or prosecution of the potential causes of action and these Chapter 11 cases.

11. SAM and MC intend to work closely with other professionals retained by the Debtor, to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

12. SAM and MC have indicated a willingness to act on behalf of the Debtor in the provision of the above noted services.

## TERMS OF EMPLOYMENT

13. The Debtor desires to employ SAM and MC pursuant to the terms and conditions set forth in the Engagement Agreement, a copy of which is attached hereto as Exhibit D and incorporated by reference herein.

14. Pursuant to the Engagement Agreement, and in accordance with section 328 of the Bankruptcy Code, SAM and MC propose to be compensated on an hourly basis pursuant to the terms and provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court and any other order entered by this Court pertaining to the payment of retained attorneys. However, because the Debtor will not be paying for the representation, SAM and MC seek to be relieved of the obligation to make application for payment of compensation and reimbursement of expenses. Instead, SAM and MC propose to file quarterly statements with Court showing any

4

amounts billed and paid, as well as describing the work performed by SAM & MC during the applicable period.

15. In addition to their hourly fee, SAM and MC will be entitled to reimbursement of all reasonable and documented out-of-pocket expenses incurred in connection with the investigation and litigation of any potential cause of action on behalf of the Debtor. Pursuant to the Engagement Letter, Timothy Martin and not the Debtor will responsible for all such reimbursement.

16. Pursuant to the Engagement Letter, after investigation of the potential causes of action, should the parties so agree, the parties reserve the right to renegotiate the terms of SAM's and MC's engagement to a contingency fee basis. In the event of any such, renegotiation the parties will apply to the Court for approval.

## DISINTERESTEDNESS OF PROFESSIONALS

17. As set forth in the Amini Dec. and the Dickey Dec., and to the best of the Debtor's knowledge, Mr. Amini, Mr. Dickey, and the other members and professionals of SAM and MC (i) do not have any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys or accountants, (ii) are "disinterested persons" as defined in the Bankruptcy Code, and (iii) do not hold or represent an interest adverse to the estate.

18. As set forth in the Amini Dec. and in the Dickey Dec:

   a. Neither SAM, MC nor any attorney at either firm holds or represents an interest adverse to the Debtor's estate;

   b. Neither SAM, MC nor any attorney at either firm is or was a creditor, an equity security holder or an insider of the Debtor;

   c. Neither SAM, MC nor any attorney at either firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor;

5

    d. Neither SAM, MC nor any attorney at either firm has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason;

    e. No attorney at SAM or MC is related to any United States District Judge or United States Bankruptcy Judge for the District of New Jersey or to the United States Trustee for such district or to any known employee in the office thereof;

    f. No trustee or examiner has been appointed in the Bankruptcy Case.

19. Notice of this Application will be provided to: (i) Debtor's counsel, (ii) the U.S. Trustee; and (iii) those parties who have to date filed notices of appearance or requests for service in these cases. The Debtor submits no further notice is necessary or required.

20. No previous request for the relief sought in the Application has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form attached hereto as exhibit A, authorizing the retention of SAM and MC as special counsel in accordance with the terms and conditions set forth in the Engagement Agreement and other and further relief as may be just and proper.

Dated: New York, New York
       October 12, 2010

                      STORCH AMINI & MUNVES PC

                      By : /s/ Bonnie A. Tucker
                         Bonnie A. Tucker, Esq.
                      2 Grand Central Tower
                      140 East 45th Street, 25th Floor
                      New York, New York 10017
                      Tel: (212) 490-4100