| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **OKIN, HOLLANDER & DeLUCA, L.L.P.**<br>One Parker Plaza, 12th Floor<br>400 Kelby Street<br>Fort Lee, NJ 07024<br>Tel:    (201) 947-7500<br>Fax:    (201) 947-2663<br>Paul S. Hollander (PH-2681)<br>Gregory S. Kinoian (GK-7386)<br><br>Attorneys for Martin Cadillac, LLC<br>Debtor and Debtor-in-Possession |
| In re<br><br>**MARTIN CADILLAC, L.L.C.**,<br><br>Debtor and Debtor-in-Possession. |



Chapter 11

Case Nos.   10-29520 (RG)

### ORDER DENYING DEBTOR'S SALE MOTION

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED.**

12-23-10    USBJ

THIS MATTER is before the Court on the *Debtor's Motion for an Order, Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and (f) and Fed. R. Bankr. P. 6004, (A) Approving the Assignment of the Debtor's Right under that Certain Dealer Sales and Service Agreement Between the Debtor and General Motors LLC to Propose a Change in Ownership Thereunder and, If Necessary, the Assignment of the Debtor's Right with Respect to a Purchase Option for the Premises at Which the Debtor is Located, Free and Clear of any Interests, (B) Approving the Offer of DTF Holdings, LLC as a Stalking Horse Bid for such Assignments, Subject to Higher or Better Offers, Including, but not Limited to, the Proposed Break-Up Fee, (C) Approving Revised Bidding Procedures, Schedule and Notice Through Which the Debtor Shall Solicit Higher or Better Offers, (D) Approving the Assignments to DTF Holdings, LLC in the Event Higher or Better Offers are not Received, and (E) Granting Certain Other Relief Relating Thereto*, filed on October 28, 2010 (Docket No. 182) (the "Sale Motion"). Objections to the Sale Motion were filed on November 3, 2010 on behalf of the following parties (collectively, the "Sale Motion Objections"): (i) Farrell Family Ventures, LLC ("Farrell Family") and Farrell's Leasing Company, Inc. ("Farrell Leasing") (collectively, "Farrell") (Docket No. 191) (the "Farrell Sale Motion Objection"); (ii) Ally Financial Inc. (formerly known as General Motors Acceptance Corporation) (referred to in this case as "GMAC") (Docket No. 195) (the "GMAC Sale Motion Objection"); (iii) AHI (Docket No. 198) (the "AHI Sale Motion Objection"); (iv) GM (Docket No. 199) (the "GM Sale Motion Objection"); and (v) the United States Trustee (the "U.S. Trustee") (Docket No. 202) (the "U.S. Trustee Sale Motion Objection"); and (c) an omnibus reply to the Sale Motion Objections filed by the Debtor on November 8, 2010 (Docket No. 209) (the "Debtor's Reply to the Sale Motion Objections"). In the Sale Motion, the Debtor seeks,

among other things, authority to transfer the Debtor's dealership to DTF Holdings, LLC ("DTF"), subject to higher and better offers with DTF's offer being designated a stalking horse bid.

In connection with the Sale Motion, on November 17, 2010, the Bankruptcy Court entered an *Order (A) Authorizing the Debtor to Solicit Bids with Respect to the Debtor's Asserted Right to Propose a Change in Ownership of Its Automobile Dealership and the Debtor's Asserted Interest in a Purchase Option for the Premises at Which the Dealership Is Located, with the Offer of DTF Holdings, LLC Constituting a Stalking Horse Bid, (B) Approving Form Of Notice of Solicitation of Bids, (C) Approving Revised Bidding Procedures with Respect Thereto, (D) Preserving All Objections Raised with Respect to the Debtor's Proposed Sale and Transfer of Its Asserted Rights, and All Defenses with Respect to Such Objections, (E) Scheduling a Hearing to Consider Approval of the Highest or Best Offer Received for the Debtor's Asserted Interests and the Debtor's Proposed Sale and Transfer to Such Offeror and the Objections Raised with Respect Thereto, and (F) Granting and Providing for Certain Other Relief Relating Thereto* (Docket No. 221) (the "Bidding Procedures Approval Order"). Among other things, the Bidding Procedures Approval Order authorized the Debtor, subject to the terms of the Bidding Procedures Approval Order and subject to certain of the objections raised in the Sale Motion Objections, to solicit bids for the Debtor's dealership, set a deadline of November 30, 2010 (the "Bid Deadline"), set an auction date of December 3, 2010 in the event that competing bids were received (the "Auction"), and set a hearing on the approval of the winning bid, subject to certain of the objections raised in the Sale Motion Objections, for the same date and time as the Final Hearing.

On November 30, 2010, by the Bid Deadline, a bid package was received from Platinum Holdings Limited Liability Company ("Platinum") and a credit bid for the Debtor's tangibles was received from GMAC. On December 3, 2010, the Auction occurred in open Court on the record with Platinum's bid identified at the start of the Auction as the highest bid (based on an agreement put on the record before the start of the Auction, GMAC agreed to withdraw its credit bid). Bidding ensued between DTF and Platinum. The bidding ended with DTF's last bid at $2,250,000, which the Debtor eventually announced to be the winning bid as the highest and best offer. Platinum requested, which the Debtor supports, that its last bid, $2,200,000, be designated and approved as the back-up bid to DTF's winning bid in the event that it ultimately was not approved by GM or could not close.

The hearing on the Sale Motion commenced on December 9, 2010 with the testimony of Timothy Martin, the sole managing member of the Debtor. The hearing was continued to December 13, 2010, during which the testimony of Mr. Martin concluded, and the testimony of Jonathan Sobel, the sole managing member of DTF, and of Joseph Girardot, Regional Manager, Northeast Region, of General Motors Real Estate, Retail Group, was taken. On December 16, 2010, the hearing on the Sale Motion continued with closing oral arguments in support of and in opposition to the Sale Motion, among certain other matters. After the conclusion of oral argument, the Court reserved decision and announced that the Court's decision would rendered on December 22, 2010.

On December 22, 2010, the Court read her decision into the record. The Court's decision of December 22, 2010 is incorporated herein by reference. Having given due consideration to the record pertaining to the Sale Motion and the Sale Motion Objections, as well as certain other matters contemporaneously pending before the Court, the Court has determined, for the reasons

set forth on the record in the Court's decision of December 22, 2010, (a) to deny the Sale Motion without prejudice, and (b) that appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) would be in the best interests of the Chapter 11 estate. On December 22, 2010, an order was entered directing the United States Trustee to appoint a Chapter 11 trustee (Docket No. 262).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS, AS OF THE DATE SET FORTH ABOVE, HEREBY ORDERED as follows:**

1. For the reasons set forth on the record in the Court's decision of December 22, 2010, the Sale Motion is denied, without prejudice.