# OKIN, HOLLANDER & DeLUCA, L.L.P.

COUNSELLORS AT LAW
ONE PARKER PLAZA
FORT LEE, NEW JERSEY  07024

Gregory S. Kinoian        201-947-7500        Fax:  201-947-2663

gkinoian@ohdlaw.com

December 28, 2010

**By CM/ECF**

Honorable Rosemary Gambardella, U.S.B.J.
United States Bankruptcy Court
Martin Luther King, Jr. Federal Bldg. and Courthouse
50 Walnut Street, Third Floor
Newark, NJ  07101

      Re:    In re Martin Cadillac, L.L.C., Chapter 11, Case No. 10-29520 (RG)

           **Response to (A) Emergency Motion of Argonaut Holdings, Inc. for an Order Directing the Debtor (or the To-Be-Appointed Chapter 11 Trustee) to Provide AHI with Immediate Access to the Dealership Premises and Authorizing AHI to Take the Steps It Deems Necessary to Protect the Property (Docket No. 284), and (B) Application for Order Shortening Notice (Docket No. 285)**

Dear Judge Gambardella:

      We write in response to:  (A) Emergency Motion of Argonaut Holdings, Inc. for an Order Directing the Debtor (or the to-be-Appointed Chapter 11 Trustee) to Provide AHI with Immediate Access to the Dealership Premises and Authorizing AHI to Take the Steps It Deems Necessary to Protect the Property, filed today (Docket No. 284) (the "Motion"); and (B) the Application for Order Shortening Notice with respect to the Motion (Docket No. 285).  The Motion reprises the same issue raised in the letter to Your Honor by AHI's counsel dated December 23, 2010 requesting reconsideration of Your Honor's denial of AHI's stay relief motion on the grounds that the gas at the Debtor's premises has been turned off for lack of payment on account, to which a letter response was filed on behalf of the Debtor (*see* Docket No. 272).  For the same reasons set forth in that letter response, the Debtor opposes both AHI's Motion and its Application for a hearing on shortened notice.

      In its Motion, AHI unabashedly avers that "The Debtor's failure to pay for utilities has caused this shut down of service."  *See* Memorandum at ¶ 2.  While technically accurate, the record establishes that GM and AHI created the current situation by GM's wrongful withholding of monies due the Debtor from the open account.  Indeed, as the record of this case amply reflects, GM and AHI have been aware that the Debtor did not have funds, other than those funds improperly withheld by GM, to pay its post-petition bills, including utilities bills, in the ordinary course since the middle or end of July, 2010.  Moreover, the facts that (i) the Debtor's utilities bills were past due, (ii) PSE&G has been threatening to turn off services, and (iii) GM had funds

OKIN, HOLLANDER & DeLUCA, L.L.P.

Honorable Rosemary Gambardella
United States Bankruptcy Judge
December 28, 2010
Page 2

in the Debtor's open account that it was wrongfully withholding and that could be used to pay utilities, have been of record since the end of October.  Also, the facts that the Debtor's utilities bills remained unpaid and past due and that PSE&G has been threatening to turn off services was confirmed as recently as on December 9, 2010 during Mr. Skelton's cross-examination of Mr. Martin, as well as the fact that GM was still wrongfully withholding funds in the Debtor's open account.  Lastly, we learned through Mr. Girardot's testimony on December 13, 2010, that, though AHI is a wholly-owned subsidiary of GM, AHI is managed by GM and requests for payments on behalf of AHI through the Debtor's open account with GM are actually made by GM to GM.  Accordingly, it has always been within GM's power to see to it that the funds it has wrongfully withheld from the Debtor be used to pay the Debtor's utilities.  The fact that GM has chosen, since mid- to late-July, 2010, not to so use such funds exemplifies how GM has manipulated the bankruptcy process in order to create purported grounds for stay relief.  Since AHI's current dilemma is purely a consequence of GM's overt, brazen and repeated violations of the automatic stay, it should not now be rewarded by having the Court's denial of its stay relief motion reconsidered.

   Mr. Martin advised me on December 23, 2010 that water to the premises has been turned off and that the pipes were drained.  Also, Mr. Martin advised me earlier today that the premises has been plowed of the snow from the blizzard that ended yesterday.

   The Notice of Appointment of the Chapter 11 Trustee was filed while this letter response was being prepared.  The Debtor will cooperate with the Chapter 11 Trustee so that the Chapter 11 Trustee can effectuate his duties.

   Based on the foregoing, we respectfully request that AHI's Motion and Application for hearing on shortened notice be denied.

             Respectfully submitted,

             OKIN, HOLLANDER & DeLUCA, L.L.P.

             By: */s/ Gregory S. Kinoian*
               Gregory S. Kinoian

GSK/gsk
cc: Counsel to the U.S. Trustee
   Counsel to Ally Financial Inc. ("GMAC")
   Counsel to General Motors LLC
   Counsel to Farrell Family Ventures, LLC
   Counsel to Timothy F. Martin
   Counsel to DTF Holdings, Inc.

OKIN, HOLLANDER & DeLUCA, L.L.P.

Honorable Rosemary Gambardella
United States Bankruptcy Judge
December 28, 2010
Page 3

F:\OCH\Martin Cadillac, LLC\Corres\Gambardella 2010-12-23 re Resp to AHI's Request for Reconsideration.doc